NUMBER 13-99-372-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ____________________________________________________________________ 



LAWANDA LASHAE WOODS , Appellant, 



v.

 

THE STATE OF TEXAS, Appellee. 

____________________________________________________________________ 



On appeal from the 24th District Court

 of Jackson County, Texas.

 ____________________________________________________________________ 



OPINION

 

Before Justices Hinojosa, Chavez, and Yañez



Per Curiam



Appellant Lawanda Lashae Woods was found to have violated the terms and conditions of her community supervision and
was found guilty of aggravated robbery. Her convict ion followed her certification to stand trial as an adult and the transfer
of jurisdiction to the criminal court. 

On April 24, 2000, appellant filed a motion(1) in this Court asking for a new trial wherein she asserts that the reporter's
record from the certification hearing is unavailable because a substantial portions of the recording of that hearing is
inaudible. The motion is supported by affidavits from appellant's attorney, counsel for appellant's co-defendant, and the
court reporter for the court where the certification hearing occurred. The State has not responded to this motion. 

 If, without the appellant's fault, a significant portion of the electronic recording of court proceedings is inaudible, and the
inaudible portion is necessary to the appeal's resolution, the appellant is entitled to a new trial. Tex. R. App. P. 34.6(f).
An order certifying a juvenile defendant to stand trial as an adult and transferring the defendant to a criminal court is
subject to appeal. Tex. Code Crim. Proc. Ann. Art. 44.47(a) (Vernon Supp. Pamph. 2000). The appropriate time for this
appeal is after conviction on the offense for which the defendant was transferred to criminal court. Tex. Code Crim. Proc.
Ann. Art. 44.47(b) (Vernon Supp. Pamph. 2000). 

We hold that without any fault of the appellant, a substantial portion of the electronic recording from the certification
hearing in this case is inaudible, and that the inaudible portion is necessary to resolution of the appeal. Therefore, we
reverse the judgment of the trial court and remand for a new trial. 

 PER CURIAM 

Do not publish. 

Tex. R. App. P. 47.3. 

Order delivered and filed this 

the 25th day of May, 2000 . 

1. Perhaps the better practice would be to present such an argument as an issue in the appellate brief. Nevertheless, in the
interests of efficiency and economy, we consider the issue under appellant's motion.